**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOYD BYRON HOPKINS,
Plaintiff-Appellant,

v.

RICHARD LAPCHICK; THE TIMES AND
NEWS PUBLISHING COMPANY, t/a The

Gettysburg Times; THE SPORTING
NEWS PUBLISHING COMPANY, d/b/a
The Sporting News; THE TIMES
MIRROR COMPANY,
Defendants-Appellees.

No. 97-1379

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-3680-S)

Argued: September 29, 1997

Decided: November 7, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
MAGILL, Senior Circuit Judge of the United States
Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Lee Jacobson, Andrew Judd Marcus, BLADES &
ROSENFELD, P.A., Baltimore, Maryland, for Appellant. Douglas D.

Connah, Jr., VENABLE, BAETJER & HOWARD, L.L.P., Baltimore, Maryland; Leonard Hawkes MacPhee, BUCHANAN INGERSOLL PROFESSIONAL CORPORATION, Harrisburg, Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Loyd Byron Hopkins, an attorney licensed to practice law in Maryland, was appointed by the Frederick County Public Defender's Office to represent one of three defendants charged with assault, battery, and hate crimes. Hopkins sued Richard Lapchick, the author of a news column concerning the trial, alleging that a statement made in the column about him was defamatory. Hopkins also sued The Gettysburg Times and The Sporting News, publishers of the article, and The Times Mirror Company, the parent company of The Sporting News. The district court granted summary judgment for the defendants concluding that the article's statement about Hopkins was not defamatory as a matter of law. Hopkins has appealed. For the reasons stated below, we affirm the district court.

The Frederick County Public Defender's Office appointed Loyd Byron Hopkins to represent Mark Wayne Boone, one of three defendants in the consolidated case styled State of Maryland v. Boone, in the Circuit Court for Frederick County, Maryland. The three defendants were charged with committing assault, battery, and hate crimes against Michael L. Watson, an African-American college basketball player. The charges arose from an altercation at a convenience store in Thurmont, Maryland, on October 30, 1994.

Hopkins, also an African-American, served as the lead defense attorney and was the only African-American defense lawyer involved

2

in the trial. The three defendants, including Hopkins' client, Boone, were found not guilty by the jury on November 22, 1995.

On December 21, 1995, The Gettysburg Times published a column about the trial authored by Richard Lapchick entitled "Justice [E]ludes [F]ormer Mount [H]oopster." The Gettysburg Times had obtained the article from the Scripps Howard News Service, a news wire service, and republished the story as written. The same column was published by The Sporting News on December 25, 1995, under the title "Victim of [F]oul [S]hots."

On November 25, 1996, Hopkins sued Lapchick, The Gettysburg Times, The Sporting News, and The Times Mirror Company, the parent company of The Sporting News, alleging that Lapchick's statement, "[t]he black defense lawyer called Watson a racist," was defamatory. Hopkins argues, and Appellees do not dispute, that the trial transcript shows that Hopkins never explicitly called Watson a racist.

Hopkins contends that Lapchick's column and the specific statement, "[t]he black defense lawyer called Watson a racist," damaged his character and reputation among the general public and particularly within the African-American community. Additionally, Hopkins argues that the article harmed him personally and professionally because it represented him as "advanc[ing] the cause of a white man and Ku Klux Klan sympathizer . . . at the expense of a fellow African-American" and "having sold out his race and dignity as an African-American." (J.A. at 10.)

The district court found that Lapchick's statement,"[t]he black defense lawyer called Watson a racist," was not capable of a defamatory meaning because: (1) the phrase was simply an expression of the author's non-actionable opinion; (2) the allegedly false statement was "substantially correct"; and (3) the column, when considered in its entirety, did not portray Hopkins in a negative light, but instead as a skillful trial lawyer.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct.

3

Accordingly, we affirm on the reasoning set forth in the district court's thorough opinion. <u>See Hopkins v. Lapchick</u>, C.A. No. 1:96-3680 (D. Md. Feb. 19, 1997).

<u>AFFIRMED</u>

4